IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RASHEED KARRIEM MILLER,      )
                             )
         Plaintiff,          )
                             )
    v.                       )
                             )  Civil Action No. 07-1684
LOUIS S. FOLINO, Supt.,      )  Magistrate Judge Caiazza
                             )
                             )
         Defendant.          )

**OPINION AND ORDER**

Rasheed Karriem Miller ("Miller" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene"). His Complaint, filed pursuant to the provisions of 42 U.S.C. §1983, sets out allegations that he has been denied appropriate treatment for a sore finger and a twisted ankle. The only named Defendant is the Superintendent of SCI-Greene, Louis Folino, who has filed a Motion to Dismiss (Doc. 11). The Plaintiff has responded (Doc. 17). Both parties have consented to have the undersigned conduct all proceedings in this case (Docs. 15 and 16).

A.  **Legal Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in

the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In this action Miller asserts liability against Defendant Folino pursuant to the provisions of 42 U.S.C. §1983. To state a claim under Section 1983, Miller must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

## B. The Analysis

### 1. Respondeat Superior

Miller alleges that persons other than Defendant Folino, *i.e.*, the prison medical staff, treated his injured finger and ankle. He further alleges that x-rays were taken, and treatment was offered, but nevertheless he continues to experience pain, and that his requests for an "MRI," or magnetic resonance imaging test, have been denied. Miller also alleges that he personally communicated the denial of his request to Folino, who directed that he not be given any further treatment.

Folino first moves to dismiss on the basis that no personal involvement has been alleged on his part, and that Miller's claims amount to nothing more than *respondeat superior* liability. Such allegations are insufficient to establish supervisory liability. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995). Here, Miller has alleged that Folino did become involved in the

medical decision-making process by claiming that Folino personally directed that he not be given further treatment, albeit after the medical staff had already determined that the Plaintiff did not require any further aid. For pleading purposes, this allegation is sufficient to satisfy the personal involvement requirement by Defendant Folino.

    2. <u>Deliberate Indifference</u>

The Defendant also, however, asserts that Miller has not stated a claim since Miller concedes that he was given treatment for his injuries -although it was not the regimen he requested. Miller's civil rights claims are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. <u>Id</u>.

The first element requires a plaintiff to demonstrate a

medical need that is objectively "sufficiently serious." Here, the Plaintiff was provided medical treatment for his finger and his ankle, and, accordingly, the Court will assume that he has met this requirement.

In the context of this case, even where there is a serious medical condition, a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials *subjectively* acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an *intentional* refusal to provide *any* medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). Even where no treatment is provided, however, there must be facts alleged from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmates' serious medical need. The Supreme Court has explicitly stated that "in the medical context, an *inadvertent* failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106(emphasis supplied).

Here, Miller alleges that he was provided treatment on numerous occasions. That said, his complaint is not that he was denied all treatment, but rather inadequate treatment. More

specifically, Miller complains that the medical personnel relied upon x-rays to determine the nature of his injuries and that they refused to order an MRI to further evaluate his medical condition.

When pleading an Eighth Amendment claim, Miller must allege that the care he received was so inadequate that the Defendant was deliberately indifferent to his medical needs. E.g., Tulibacki v. Prison Health Services, 1995 WL 710595 (E. D. Pa.1995)(dismissing deliberate indifference claim where the plaintiff's skin rash was treated with three different medications). Where treatment is offered, as here, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990)( "there may ... be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983). Finally, when a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990).

With the relevant law as a backdrop -and accepting as true

the facts set out in his Complaint- the court draws the following conclusions. First, Miller has not sufficiently plead an Eighth Amendment claim because he only asserts that the medical treatment provided to him has not resulted is a complete relief from his symptoms. Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind.1994)("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, *nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.*")(internal citations omitted)(emphasis added). Clearly, the fact that a prisoner continues to suffer some level of discomfort does not state a deliberate indifference claim.

Second, any assertion by Miller that a different medical procedure - one that he suggests- might prove more effective in relieving his discomfort does not state a deliberate indifference claim. Gamble, 429 U.S. at 107 (failure of medical defendants to order x-ray for complaints of back pain does not state a claim for deliberate indifference where other treatment was provided); Calloway v. Contra Costa County Jail Correctional Officers, No. C 01-2689 SBA, 2007 WL 134581, at *31 (N. D. Cal. Jan.16, 2007)(rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment in the location or with the provider of his choice"). In any event, all Miller has requested is an MRI which might further detail his injury; it is not itself

a therapeutic treatment. See, Brown v. Adams, 2008 WL 510522 (5th Cir. 2008) ("Brown's complaint that an MRI should have been taken of his knee constitutes a disagreement with medical treatment and is insufficient to establish a cognizable claim of deliberate indifference. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir.1991)"); Warman v. Funk, 119 Fed.Appx. 789, 791 (7th Cir. 2004)("Warman wanted an MRI. The prison medical personnel concluded that pain medication was sufficient. The record provides no evidence that the defendants were deliberately indifferent to Warman's medical condition. It demonstrates only that Warman wanted different care than the prison doctors provided.").

The Complaint in this case clearly shows that Miller has been offered medical treatment for his injuries and for his continued pain and discomfort. Miller's disagreement with the treatment regimen, and his request for further testing, cannot support a claim that Defendant Folino was deliberately indifferent to his serious medical needs. Consequently, Miller's claims should be dismissed.

In any event, as Miller claims, Superintendent Folino has acted consistently with the advice of his medical staff and his reliance on their opinion prevents a finding that the Defendant acted with a sufficiently culpable motive for Eighth Amendment purposes. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.

2004)("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

   3.   Retaliation.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). However, to state a *prima facie* case of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected; 2) **he suffered adverse action at the hands of prison officials**; and 3) **his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him**.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir.2002) (internal citation and quotation omitted)(emphasis added).

Here, Miller asserts that the decision by Dr. Falor to treat him with only an ace bandage for his twisted ankle was in retaliation for the grievance he filed with respect to his previously-injured finger. Again, however, Miller was afforded treatment, and was only denied his request for an MRI. On these facts, there is no "adverse treatment" at the hands of prison officials. Further, Miller cannot transform his disagreement with the medical treatment afforded into a constitutional claim

through a allegation that it was done with an improper motive. Applying the relevant standard, there is no allegation in the Complaint sufficient to "raise a right to relief above the speculative level." <u>Twombly</u>, 127 S. Ct. at 1965.

AND NOW, this 20th day of May, 2008,

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Folino (Doc. 11) is GRANTED. The Clerk is directed to mark this case CLOSED.

<u>s/Francis X. Caiazza</u><br>
Francis X. Caiazza<br>
United States Magistrate Judge

cc:
RASHEED KARRIEM MILLER
CQ-2356
175 Progress Drive
Waynesburg, PA 15370